TODD, ADMX. *v.* EBERWINE ET AL.

[No. 27,262. Filed October 23, 1939.]

*B. F. Small,* and *Thomas F. O'Mara,* for appellant.
*A. L. Miller,* for appellees.

FANSLER, C. J.—Dora E. Todd and Owen Conover were husband and wife. They were divorced in 1912, and Dora E. Todd was awarded custody of their children, but at the time of the divorce there was no order requiring Conover to support the children. Afterwards Conover married the appellee Doris Eberwine. While they were married, in 1918, Dora E. Todd filed a petition to have the original decree modified and for an order requiring Conover to support their minor children. Conover appeared and contested the action until the 15th day of November, 1918, at which time he conveyed certain real estate, which was all of his property, to his wife, Doris, the deed being immediately recorded. Shortly thereafter there was an order against Conover to pay $25 per month, beginning February 13, 1919, for

the support of his children. On December 16, 1929, Conover died. In August, 1930, the appellant was appointed administratrix of his estate. She filed a claim against the estate for the money due for the support of the children under the allowance above referred to, and on January 9, 1931, was given a judgment for $2,250, which is unpaid. In October, 1933, she filed this petition to sell real estate to pay debts, in which she alleged that there were no assets in the estate, and that the decedent owned no other real estate; that during his lifetime he fraudulently conveyed the real estate here in question to Doris Eberwine, who was then his wife; that there was no consideration for the conveyance; that it was conveyed for the sole purpose of defeating the action and demand against him for support for his children; and that this fact was known to the grantee.

The petition recited all of the above facts. There was a demurrer upon the ground, among others, that the statute of limitations had run. The demurrer was sustained, and that ruling is questioned by this appeal.

Section 2-601 Burns' Ind. St. 1933, section 60 Baldwin's Ind. St. 1934, provides that actions for relief against fraud shall be brought within six years. Actions to set aside fraudulent conveyances are within this statute. The fraudulent conveyance here complained of was executed, delivered, and recorded, so that the appellant was charged with notice on November 15, 1918. The decedent lived more than six years after that date, and neither the appellant nor any other creditor brought an action to set aside the conveyance, and if the decedent were still alive an action against him and against Doris Eberwine would be barred by the statute of limitations.

But the appellant contends that this action is not for relief against a fraud, and that it is not governed by the six-year statute of limitations. It is contended that this is a special action, created by a special statute, for the special purpose of making assets in the estate of a decedent, not only to pay the decedent's debts, but also the costs of administering his estate. The appellant relies upon the following statutes: Section 6-1108 Burns' Ind. St. 1933, section 3146 Baldwin's Ind. St. 1934, which provides that: "The real estate liable to be sold for the payment of debts, when the personal estate shall be insufficient therefor, shall include: * * * Third. All lands, and any interest therein, which the deceased, in his lifetime, may have transferred with intent to defraud his creditors," and section 6-1109 Burns' Ind. St. 1933, section 3147 Baldwin's Ind. St. 1934, which provides that: "But the lands thus fraudulently conveyed shall not be taken from any one who may have purchased them for a valuable consideration and without knowledge of the fraud, but such lands shall be liable to be sold only in cases in which they would have been liable to attachment and execution by a creditor of the deceased in his lifetime; and no proceeding by any executor or administrator to sell any lands so fraudulently conveyed shall be maintained unless the same shall be instituted within five (5) years after the death of the testator or intestate."

As we understand it, appellant contends that, notwithstanding the six-year statute of limitations had run, and a creditor had been barred by the statute before the death of the decedent, if his debt or demand is still alive, he may file his claim against the decedent's estate, have it allowed, and then, by proceedings to sell real estate, cause the fraud-

ulent conveyance to be set aside and the real estate sold, notwithstanding such an action had been barred to him before the death of the decedent. We cannot so construe the statutes. The words, "such lands shall be liable to be sold only in cases in which they would have been liable to attachment and execution by a creditor of the deceased in his lifetime," must be construed as meaning immediately prior to the time of his death. The lands here in question were not liable to attachment and execution by a creditor of the deceased during the last year of his life, or at any time after six years had expired, and it must be remembered that this is an action against a third person, and not against the deceased or his estate, and that the general statute of limitations bars this action against that third person after six years have elapsed, and that the statutes upon which the appellant relies have to do primarily with the administration of decedents' estates, and not with the limitation of actions or the reinstating of actions against strangers for the benefit of creditors of a decedent. The statutes are easily and much more reasonably construed to mean that, where a cause of action to set aside a fraudulent conveyance is not barred by the statute of limitations at the time of the death of the fraudulent grantor, an action to have the conveyance declared fraudulent and to sell the lands may be maintained by the personal representative of the decedent within five years after his death. A purpose to revive an action barred by the statute of limitations is not expressed in the statute, and there is no basis for implying a purpose so inconsistent with the clear and expressed purpose of the statute of limitations.

The action was barred by the six-year statute of limitations before the death of the grantor. His death

does not revive the action. The demurrer was properly sustained.

Judgment affirmed.